[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 30, 1997
The defendants move that the court reconsider its decision of February 24, 1997, dated February 19, 1997 denying the defendant's motion to dismiss the second count of the complaint. The second count of the complaint alleges a cause of action for one Maritza Rodriguez for property damages to an automobile of CT Page 3655 said Maritza Rodriguez. The first count alleges personal injuries sustained by one Michael Cabrera arising out of said automobile collision.
As pointed out to the court in this motion, and in oral argument, the motion to dismiss is not a motion to dismiss the action in its entirety, but rather is limited to seeking dismissal of the second count, which is the count alleging property damage to the vehicle of Rodriguez. The file reflects that the motion to dismiss was filed within thirty days of the filing of an appearance. Hence, the motion was properly before the court, regardless of whether the motion is to be construed as raising the question of subject matter jurisdiction or, alternatively, personam jurisdiction. Once the issue of jurisdiction has been properly raised it must be immediately acted upon by the court. See Gurliacci v. Mayer, 218 Conn. 531,545 (1991); F.D.I.C. v. Peabody N.E., Inc., 239 Conn. 93, 99
(1996).
In moving to dismiss on the basis of lack of in personam jurisdiction it is more proper to move to dismiss the action, rather than to dismiss a count of the complaint, for it is possible that in a hypothetical circumstance a court may have jurisdiction over the person, but not have subject matter jurisdiction over one of the individual counts of the complaint. Where however, there is only one count sought to be asserted against a defendant by a plaintiff, and lack of personal jurisdiction is asserted, the court will construe the motion as a motion to dismiss the entire action sought to be asserted by a purported plaintiff against the defendant.
General Statute § 52-45a prescribes the method for a person to invoke the jurisdiction of the count. The statute provides "Civil actions shall be commenced by legal process consisting of a writ of summons describing the parties . . ." The statute further provides that "the writ shall be accompanied by the plaintiffs complaint."
A complaint is not a summons. "Without the citation, any attempted service is a nullity . . ." Brunswick v. InlandWetlands Commission, 25 Conn. App. 543, 546 (1991). See alsoHillman v. Greenwich, 217 Conn. 520, 525 (1991). Several, or multiple plaintiffs may be joined in a single action by a combined summons, each person asserting that person's individual cause of action (Practice Book § 84). Several, or multiple, CT Page 3656 plaintiffs may employ the same writ of summons, which may be issued by the same attorney. However, each party must be a summoning person in order to assert his or her own cause of action by that person specifically summoning the defendant to address that party's individual cause of action.
Absent a proper citation that purported "plaintiff" has not summoned the defendant to court to answer that person s claim against the defendant. It is of no import that the defendant has been summoned to court to answer a different person's claim — a different person s properly asserted cause of action.
Without a proper citation by the individual, described as "Maritza Rodriguez," in the complaint affixed to the writ of summons, whose ostensible claim is merely stated as "second count" in the complaint, the absence of that person as a summoning person in the writ of summons is a nullity as concerns "Maritza Rodriguez." She has not invoked the jurisdiction of the count to determine her ostensible claims against the defendants. Consequently, the court is without jurisdiction to determine the claim of "Maritza Rodriguez" as against these defendants regardless of the fact that her name appears in the complaint which accompanied the writ of summons.
The court determines that it does not have jurisdiction to address the ostensible claims of said "Maritza Rodriguez" which are proffered as a second count of the appended complaint. The motion to reconsider is granted. The motion of the defendants to dismiss the claims of "Martiza Rodriguez" is granted.
SULLIVAN, L., J.